**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory P. Kirby,
    Petitioner

vs.                                          Case No. 1:04cv474
                                                 (Weber, S.J.; Hogan, M.J.)

Jacqueline Thomas,
    Respondent

**REPORT AND RECOMMENDATION**

Petitioner, who was an inmate in state custody at the North Coast Corrections and Treatment Facility in Grafton, Ohio, when the instant action commenced,[1] has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return of Writ" with attached exhibits. (Docs. 1, 9).

**Procedural Background**

On February 14, 2001, petitioner was indicted by the Butler County, Ohio, grand jury on one count of "driving under the influence of alcohol-prior felony" in violation Ohio Rev. Code § 4511.19(A)(1), and one count of "driving when license suspended or revoked" in violation of Ohio Rev. Code § 4507.02(B). (Doc. 9, Ex. 1).

Prior to trial, petitioner's counsel filed a "Motion To Suppress/Motion In

---

[1] It appears from the record that petitioner is no longer incarcerated, having served his prison sentence, and is currently residing in Middletown, Ohio. (*See* Doc. 8).

Limine/Motion To Dismiss" on the grounds that (1) the arresting police officer "did not have probable cause to stop, detain, and/or . . . arrest" petitioner; (2) any tests performed and statements taken from petitioner were obtained in violation of petitioner's due process rights; and (3) the "results of any field sobriety tests [were] inadmissible due to the manner in which they were conducted" by the arresting officer. (*Id.,* Ex. 2). Apparently, after a hearing held on February 15, 2002, the trial court determined that (1) the police officer "had probable cause to stop and detain [petitioner] because of . . . traffic violations" and properly decided to arrest him based on an outstanding warrant and to continue the investigation of the traffic stop; and (2) although the officer "could not testify that [petitioner] failed the [sobriety] tests because they were not performed in strict compliance with regulations," he "could testify about his observations during the test." (*See id.,* Ex. 5, pp. 1-2; Ex. 7, p. 3). On February 19, 2002, the trial court issued an Entry denying petitioner's motion to suppress. (*Id.,* Ex. 3).

Following a jury trial, petitioner was found guilty as charged. On May 31, 2002, he was sentenced to concurrent terms of imprisonment of three (3) years for the driving under the influence (DUI) offense and six (6) months for the "driving when license suspended or revoked" offense. (*Id.,* Ex. 4).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, alleging as assignments of error that (1) "[t]he court erred in denying [the] motion to suppress;" (2) the evidence was insufficient to support petitioner's DUI conviction; and (3) the DUI conviction was "against the manifest weight of the evidence." (*Id.,* Ex. 5). On June 9, 2003, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 7).

Thereafter, on June 30, 2003, petitioner filed a *pro se* motion for judicial release, which was denied by the trial court on July 21, 2003 (*Id.,* Exs. 18-19).[2] Proceeding *pro se*, petitioner next filed a motion to certify conflict, which was granted by the Ohio Court of Appeals on August 22, 2003 with respect to the issue of whether or not a law enforcement officer may testify at trial "regarding observations made during a defendant's performance of non-scientific standardized field sobriety tests when those tests are not administered in strict compliance with National Highway

---

[2]Petitioner apparently did not appeal this ruling.

2

Safety Administration guidelines." (*Id.,* Exs. 8, 9).

On July 24, 2003, petitioner also filed a *pro se* application to reopen the appeal with the Ohio Court of Appeals, Twelfth Appellate District, pursuant to Ohio R. App. P. 26(B). (*Id.,* Ex. 20). Petitioner alleged in this application that his appellate counsel was ineffective by failing to raise certain claims on direct appeal challenging the effectiveness of trial counsel and that the appellate court had erred "in not considering full record of officer's testimony." (*Id.*). On September 17, 2003, the Court of Appeals denied petitioner's application for reopening. (*Id.,* Ex. 21). Respondent states in the return of writ that petitioner did not attempt to appeal this decision to the Ohio Supreme Court. (*Id.,* Brief, p. 6).[3]

On August 14, 2003, while his application for reopening was pending before the Ohio Court of Appeals for ruling, petitioner did file a *pro se* motion for delayed appeal to the Ohio Supreme Court from the Court of Appeals' direct appeal decision. (*Id.,* Ex. 10). Although the motion was initially denied, petitioner ultimately was granted a delayed appeal on November 19, 2003 when the Ohio Supreme Court granted his motion for reconsideration. (*See id.*, Exs. 12-14). In his memorandum in support of jurisdiction, petitioner asserted three propositions of law:

> 1. Appellate court wrongly allowed denial of suppress[ion] motion to stand.
>
> 2. Appellate court err[]ed in not considering all of officer's testimony in finding probable cause.
>
> 3. Appellate court allowed unfair prejudice to appellant by allowing evidence of prior inconsistent statements [made by the arresting officer] to stand.

---

[3] It appears, however, from one of the exhibits attached to the petition that petitioner did submit to the Ohio Supreme Court a motion, which was served on the Butler County Prosecutor on April 23, 2004 and "received" by the Ohio Supreme Court clerk on April 28, 2004, "for delayed reconsideration for claim of ineffective assistance of appellate counsel." (*See* Doc. 1, App. Ex. 7). It further appears from another exhibit attached to the petition–i.e., a letter dated May 10, 2004 addressed to petitioner from the Senior Deputy Clerk of the Ohio Supreme Court, apparently in response to petitioner's correspondence dated May 2, 2004–that this motion for reconsideration was returned to petitioner "as untimely." (*See id.,* App. Ex. 8).

(*Id.,* Ex. 15).  On March 3, 2004, the Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 17).

Thereafter, on June 7, 2004, petitioner filed a *pro se* motion for relief from judgment with the trial court pursuant to Ohio R. Civ. P. 60(B)(4), which was overruled on July 1, 2004. (*Id.,* Exs. 22-23).  Apparently, petitioner did not seek appellate review of this decision in the Ohio courts.  (*Id.,* Brief, p. 6).

The instant federal habeas corpus petition, which is undated, was "received" for filing on June 21, 2004 and stamped as "filed" on July 22, 2004. (Doc. 1).  Petitioner presents seven grounds for relief:

> **Ground One:**  Conviction obtained by unconstitutional testimony [of] officer concerning field sobriety test.
>
> **Ground Two:**  Prison mail system . . . caused claim of "ineffective assistance of appellate counsel" to be barred as untimely.
>
> **Ground Three:**  Trial rendered [prejudicially] unfair by [cumulative] trial error in form of page after page of prior inconsist[e]nt statements and testimony allowed for jury. . . .
>
> **Ground Four:**  State ruling in STATE V. WEIRTZ . . . allows a police office[r]'s observations in a[n] improperly conducted Field Sobriety Test to be lab[e]led "Results" thus not being allowed, but labeling them "Obse[r]vations" and allowing them, is not only inconsist[e]nt, but an unconstitutional assault of orwellian proportions on all of American cit[i]zenry. . . .
>
> **Ground Five:**  Peti[ti]oner's appeal was denied for untimely filing due to what was clearly to be determined later to be fault of Inmate-mail system. . . .
>
> **Ground Six:** Misapplication of state law based on trial judge's statement that "[t]his is not a Homan case," although that case was decided "7 weeks before [petitioner's] arrest."

4

**Ground Seven:**  Insufficient evidence to convict; no manifest weight.

(*Id.*, pp. 5-6).

In the return of writ, respondent concedes that the petition is not barred from review on statute of limitations grounds.  (*See* Doc. 9, Brief, p. 7).  He contends, however, that after exhausting all available state court remedies, petitioner has waived all of his grounds for habeas relief as a result of his procedural defaults in the state courts.  (*Id.,* Brief, pp. 8-12).

## OPINION

### Petitioner Is Not Entitled To Relief Because Most His Claims Are Waived And Any Arguably Un-Waived Claims Stemming From The Denial Of His Suppression Motion Are Not Cognizable In This Federal Habeas Proceeding

Petitioner's grounds for relief fall into three categories.  First, petitioner raises a claim in Ground Seven of the petition challenging the sufficiency and weight of evidence against him. (Doc. 1, p. 6).  Second, in Grounds Two and Five of the petition, petitioner presents arguments pertaining to the ineffective assistance of appellate counsel claims that he raised in his application for reopening of the appeal. Specifically, petitioner contends in these two grounds for relief that the prison mail system effectively prevented him from obtaining review by the Ohio Supreme Court of the Ohio Court of Appeals' decision denying his application for reopening.  (*See id.*, pp. 5-6).

Finally, in the remaining grounds for relief, petitioner asserts various claims challenging the admission of the arresting police officer's testimony at trial.  In Grounds One, Four and Six of the petition, petitioner essentially challenges the trial court's ruling on his motion to suppress, which permitted the arresting officer to testify at trial regarding his lay observations of petitioner during the field sobriety tests that he allegedly "bungled" by failing to strictly comply with the standardized procedures set forth in the National Highway Safety Administration (NHSA) regulations.  (*Id.*).  In Ground Three of the petition, petitioner further argues that the officer should not have been allowed to testify, because his testimony  consisted of "page after page of prior inconsist[e]nt statements."  (*Id.,* p. 6).

5

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999).

If the petitioner fails to fairly present his claims through the requisite of levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of his claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court on the merits and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, it appears that petitioner has waived most of his claims for relief due to his procedural defaults in the state courts. First, with respect to the claim alleged in Ground Seven challenging the sufficiency and weight of the evidence, petitioner committed a procedural default because he only raised this claim to the Ohio Court of Appeals on direct appeal; he did not present it as a claim of error on further delayed appeal to the Ohio Supreme Court. (*See* Doc. 9, Exs. 5, 15); *see also Leroy,* 757 F.2d at 97, 99-100. Absent a showing of cause and prejudice or a "fundamental miscarriage of justice," he thus has waived such claim for purposes of federal habeas corpus review because he did not provide the highest

state court in Ohio with an opportunity to correct the alleged constitutional error. *See id.*; *see also O'Sullivan,* 526 U.S. at 845, 848.

Second, petitioner procedurally defaulted the claims alleged in Grounds Two and Five of the petition, which pertain to the Ohio Supreme Court's failure to review the denial of his application for reopening of the appeal, because he never raised these specific claims to the Ohio courts for their consideration.[4]

Third, as to petitioner's remaining claims challenging the arresting police officer's trial testimony, it appears that petitioner procedurally defaulted the claim alleged in Ground One because he never presented any claim to the Ohio courts on appeal from his conviction that the arresting officer's testimony was "unconstitutional." (*See* Doc. 9, Exs. 5, 15). In addition, it appears that petitioner committed a procedural default with respect to the claim alleged in Ground Three challenging the officer's "prior inconsistent statements" testimony because although he raised the claim on delayed appeal to the Ohio Supreme Court, he failed to do so on direct appeal to the Ohio Court of Appeals. (*See id.*). Because the Ohio Constitution limits the Ohio Supreme Court's appellate jurisdiction to appeals from the Ohio Court of Appeals, *see* Ohio Const. art. IV, § 2(B)(2); *State v. Jones,* 211 N.E.2d 198, 199 (Ohio 1965), *cert. denied,* 383 U.S. 918, 951 (1966), the Ohio

---

[4] It appears from the record that petitioner may have argued the prison mail system issue in his correspondence to the Clerk of the Ohio Supreme Court after his "untimely" motion "for delayed reconsideration for claim of ineffective assistance of appellate counsel" was returned to him. *See supra* p. 3 n.3. However, a letter to the clerk's office is insufficient to constitute fair presentation of the claim to the Ohio Supreme Court for consideration. In any event, even assuming, *arguendo,* the claims alleged in Grounds Two and Five were fairly presented to the Ohio courts, they are clearly lacking in merit. Petitioner conceded in the title of his motion to the Ohio Supreme Court for review of his ineffective assistance appellate counsel claims that the motion was "delayed." Indeed, such motion could not have been filed with the Ohio Supreme Court any earlier than April 23, 2004, the date provided by petitioner in his Certificate of Service attached to the motion. (*See* Doc. 1, App. Ex. 7). Petitioner's application for reopening of the appeal had been denied by the Ohio Court of Appeals seven months earlier, on September 17, 2003. (Doc. 9, Ex. 21). It is thus clear from the record that petitioner did not attempt to appeal the denial of his reopening application within the requisite 45-day appeal period set forth in Rule II, § 2(A)(1), of the Rules of Practice of the Supreme Court of Ohio. Because delayed appeals in such matters are not permitted under Rule II, § 2(A)(4)(b), of the Rules of Practice of the Supreme Court of Ohio, the Clerk of the Ohio Supreme Court properly returned petitioner's "delayed reconsideration"motion to him as "untimely."

7

Supreme Court lacked jurisdiction to consider the claim that petitioner failed to present to the Ohio Court of Appeals. *See Leroy,* 757 F.2d at 99; *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983). Finally, to the extent petitioner may have asserted the claims alleged in Grounds One and Three in his *pro se* motion for relief from judgment filed on June 7, 2004 with the state trial court (*see id.*, Ex. 22), he committed another procedural default by failing to appeal the trial court's denial of that motion on July 1, 2004 (*id.,* Ex. 23).

Because petitioner thus procedurally defaulted the claims alleged in Grounds One, Two, Three, Five and Seven of the petition in the state courts, this Court concludes that he has waived such claims unless he can show cause for the defaults and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider his claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not shown "cause" for his defaults. He also has not demonstrated that a fundamental miscarriage of justice will occur or in other words, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the charged DUI and "driving when license suspended or revoked" offenses, if his procedurally-defaulted claims for relief are not addressed on the merits by this Court. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). Therefore, this Court concludes that petitioner has waived the claims for relief alleged in Grounds One, Two, Three, Five and Seven of the petition.

To the extent petitioner's remaining claims alleged in Grounds Four and Six may have been fairly presented to the Ohio Court of Appeals and Ohio Supreme Court in the appeal proceedings as grounds for challenging the trial court's denial of his suppression motion, these claims raise issues of state-law only that are not cognizable in this federal habeas corpus proceeding.

Petitioner essentially contends in Grounds Four and Six that the trial court should not have allowed the police officer to relay to the jury his observations, as a lay person, of petitioner at the time he stopped petitioner and had petitioner perform the field sobriety tests that failed to conform to NHSA guidelines. It is petitioner's position that the Ohio Supreme Court's holding in *State v. Homan,* 732 N.E.2d 952 (Ohio 2000), that "all evidence obtained in a Field Sobriety test not conducted in strict compliance with NH[]SA guid[e]lines shall not be introduced at trial" (*see* Doc. 9, Ex.

8

8), is controlling and that the state courts in this case erred in following a state court of appeals decision, which in conflict with other courts of appeal, distinguished *Homan* to allow "officers to testify, not to the results of the [field sobriety] tests, but as lay witnesses regarding the defendant's demeanor and actions during testing" (*see id.*, Ex. 7, pp. 5-6). These arguments attacking the state courts' interpretation and application of Ohio case-law on the admissibility of expert versus lay witness testimony regarding evidence obtained during field sobriety testing present issues of state-law only and do not trigger federal constitutional concerns.

A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). On federal habeas corpus review of a state conviction, the court does not sit to review the admissibility of evidence under state law. *See Estelle,* 502 U.S. at 67-68. Instead, as a general rule, the court must defer to and is bound by the state court's state-law determinations regarding the admissibility of evidence. *Id.; see e.g., Gimotty v. Elo,* 40 Fed.Appx. 29, 32 (6th Cir. Apr. 25, 2002) (not published in Federal Reporter) (citing *Davis v. Strack,* 270 F.3d 111, 123 n.4 (2nd Cir. 2001)), *cert. denied,* 537 U.S. 894 (2002); *Johnson v. Rosemeyer,* 117 F.3d 104, 108 (3rd Cir. 1997); *see also Warner v. Zent,* 997 F.2d 116, 133 (6th Cir. 1993) (absent a showing of "extreme circumstances where it appears that the [state court's] interpretation of [state law] is an obvious subterfuge to evade consideration of a federal issue," the federal habeas court is bound by the state court's determination of state law) (quoting *Mullaney v. Wilbur,* 421 U.S. 684, 690-91 (1975)), *cert. denied,* 510 U.S. 1073 (1994).

Accordingly, in sum, the Court concludes that petitioner is not entitled to federal habeas corpus relief in this case because (1) he has waived the claims for relief alleged in Grounds One, Two, Three, Five and Seven of the petition, and (2) the remaining claims alleged in Grounds Four and Six of the petition present issues of state-law only and do not trigger federal constitutional concerns which may be remedied in this proceeding.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's *pro se* petition for writ of habeas corpus brought pursuant to 28

U.S.C. § 2254 (Doc. 1) be DISMISSED with prejudice.

    2. A certificate of appealability should not issue with respect to the claims alleged in Grounds One, Two, Three, Five and Seven of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[5] A certificate of appealability also should not issue with respect to the claims alleged in Grounds Four and Six of the petition, which were addressed on the merits herein, because petitioner has failed to make a substantial showing in those grounds for relief of the denial of a constitutional right that is remediable in this federal habeas proceeding.[6] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation to dismiss the petition on procedural waiver grounds would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   7/5/2006                                        s/Timothy S. Hogan
       cbc                                                  Timothy S. Hogan
                                                                    United States Magistrate Judge

J:\BRYANCC\2006 habeas orders\04-474denypet.waiv-statecl.wpd

---

    [5]Because this Court finds that the first prong of the *Slack* standard has not been met, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in these grounds for relief. *See Slack*, 529 U.S. at 484. It is noted, however, that as discussed earlier, *see supra* p. 7 n.4, the claims alleged in Grounds Two and Five "clearly" lack merit.

    [6]Because this Court's adjudication of the claims alleged in Grounds Four and Six of the petition do not involve the denial or dismissal of such claims on procedural grounds, the two-part test enunciated in *Slack*, 529 U.S. at 484-85, for determining whether or not to issue a certificate of appealability for procedurally-defaulted claims, is inapplicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Gregory P. Kirby,
      Petitioner,

                                    Case No. 1:04cv474

      v.                            (Spiegel, S.J.; Hogan, M.J.)

Jacqueline Thomas,
      Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

1:04cv474

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X      ☐ Agent   ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Gregory Kirby #427-711<br>1508 Johns Road<br>Middletown, OH 45044 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 0860 0000 1409 2382 |
| PS Form 3811, August 2001    Domestic Return Receipt | 102595-02-M-0835 |