UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREGORY P. KIRBY,

                Petitioner

        v.                             C-1-04-474

JACQUELINE THOMAS,

                Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 15) recommending that the Petition for Writ of Habeas Corpus be dismissed to which neither party has objected.

Upon a *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case.  Accordingly, in the absence of any objection by petitioner, this Court accepts the Report as uncontroverted.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE** into this Order his Report and Recommendation dated July 6, 2006.  The Petition for Writ of Habeas Corpus (doc. no. 1) is, therefore, **DISMISSED WITH PREJUDICE**.

A certificate of appealability shall not issue with respect to the claims alleged in Grounds One, Two, Three, Five and Seven of the petition, which this Court has concluded are waived and thus barred from review on procedural grounds, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[1] A certificate of appealability also shall not issue with respect to the claims alleged in Grounds Four and Six of the petition, which were addressed on the merits herein, because petitioner has failed to make a substantial showing in those grounds for relief of the denial of a constitutional right that is remediable in this federal habeas proceeding.[2] *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[1]Because this Court finds that the first prong of the *Slack* standard has not been met, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in these grounds for relief. *See Slack*, 529 U.S. at 484. It is noted, however, that as discussed earlier, *see supra* p. 7 n.4, the claims alleged in Grounds Two and Five "clearly" lack merit.

[2]Because this Court's adjudication of the claims alleged in Grounds Four and Six of the petition do not involve the denial or dismissal of such claims on procedural grounds, the two-part test enunciated in *Slack*, 529 U.S. at 484-85, for determining whether or not to issue a certificate of appealability for procedurally-defaulted claims, is inapplicable.

With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court  **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting the Report and Recommendation to dismiss the petition on procedural waiver grounds would not be taken in "good faith," and therefore **DENIES** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This case is **DISMISSED AND TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court
